IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CR 01-271-BR |
| | (CV 04-956-BR) |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **EMERT R. FLOWERS,** | |
| Defendant. | |

**KAREN J. IMMERGUT**
United States Attorney
**SCOTT M. KERIN**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204-2902
(503) 727-1002

      Attorneys for Plaintiff

**EMERT R. FLOWERS**
No. 65368-065
3901 Klein Boulevard
U.S.P. Lompoc, California 93436

      Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Emert R. Flowers's Motion to Vacate, Set Aside or Correct Sentence (#102). For the reasons that follow, the Court **DENIES** Flowers's Motion.

## BACKGROUND

### 1. Flowers's Plea Agreement and Sentence.

On July 11, 2001, a federal grand jury indicted Flowers for two counts of Drug Trafficking in cocaine base, a schedule II controlled substance. On March 5, 2002, Flowers entered into a Plea Agreement with the government that provided, among other things: "Mr. Flowers freely, voluntarily, knowingly, and intelligently waives any rights to appeal or collaterally attack the conviction or sentence in this case, including forfeitures." The Court held a hearing that day at which Flowers entered a guilty plea on the charge of Drug Trafficking and stated he "knowingly distributed 5 grams or more of a mixture of substance containing a detectable amount of cocaine base" in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). At that hearing, the Court specifically reviewed the waiver and its implications with Flowers as follows:

> THE COURT: That's an important right. Trial judges are human beings, just like you. We sometimes do make mistakes, even though we don't intend to. The appellate courts are there to look over our work

>           and be sure that when people are
>           sentenced to prison and with other
>           sentences that those sentences are, in
>           fact, supported by the law and the
>           facts.
>
>           This paragraph says you are giving up
>           your right to an appeal to a higher
>           court the decisions I have made in your
>           case and the ones I am going to make in
>           your case.  Do you understand that?
>
> THE DEFENDANT: Yeah
>
> THE COURT:     It also says that your are giving up
>                your right to collaterally attack your
>                conviction.  That means this:  Sometimes
>                after people have served time in prison
>                and their appeals are over, they may
>                decide that something about the process
>                that lead to their conviction and
>                sentence violated a federal
>                constitutional right, and they might
>                want to bring a habeas corpus proceeding
>                to challenge whether they are being held
>                in violation of the federal
>                constitution.  This says that you agree
>                to bring no such challenge.  Do you
>                understand that?
>
> THE DEFENDANT: Yeah.  You just explained it.
>
> THE COURT:     Is the decision to plead guilty to Count
>                1, in exchange for the benefits of the
>                agreement that the Government offered
>                you, is that decision your own personal
>                voluntary decision?
>
> THE DEFENDANT: Yep.

Pl's Ex. 4 at 34-35.

On July 11, 2002, the Court sentenced Flowers to 140 months imprisonment on Count One and a term of four years supervised release.  The Court dismissed Count Two of the Indictment on the

3 - OPINION AND ORDER

government's oral motion and pursuant to the Plea Agreement.

2.  **Flowers's Motion to Vacate Sentence.**

On July 12, 2004, Flowers moved pursuant to 28 U.S.C. § 2255 to vacate his sentence on the grounds that the Court committed constitutional error when it relied solely on the presentence report to determine Flowers's prior offenses were crimes of violence and when it determined Flowers's prior state convictions were related for purposes of the career offender adjustment.  In addition, Flowers asserted (1) "unprofessional errors" by Flowers's former counsel "caused [Flowers's] sentencing to be unfair and impartial," (2) the Court's admission of a telephone transcript at sentencing was constitutional error, (3) the 2002 United States Sentencing Guidelines are unconstitutional, (4) enhanced punishments must be decided by a jury, and (5) the 387 grams of crack cocaine seized should not have been used to determine Flowers's sentence.

The government contends all of Flowers's claims are barred by the appeal waiver contained in his Plea Agreement.


## DISCUSSION

The Ninth Circuit has held a defendant may expressly waive his right to appeal or to seek post-conviction relief in a § 2255 petition as long as defendant makes the waiver knowingly and voluntarily.  *See United States v. Pruitt*, 32 F.3d 431, 433 (9th

4 - OPINION AND ORDER

Cir. 1994)("A plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly."). *See also United States v. Benboe*, 157 F.3d 1181, 1183 (9th Cir. 1998)(even when "a plea agreement specifies that no appeal will be taken, it does not waive the right to bring a § 2255 motion unless it does so expressly."); *United States v. DeSantiago-Martinez*, 980 F.2d 582, 582-3 (9th Cir. 1992)(if waiver of appeal is valid, appeal must be dismissed). The language of the Plea Agreement in this case is clear. Flowers specifically waived his right both to appeal and to file a collateral attack on his sentence or conviction.

Flowers, nonetheless, contends he retained his right to appeal and cites *United States v. Arellano-Gallegos*, 387 F.3d 794 (9th Cir. 2004), to support his argument. In *Arellano-Gallegos*, however, the Ninth Circuit concluded the district court committed constitutional error when taking defendant's plea and at sentencing by failing to enter into a colloquy with defendant as required by Fed. R. Crim. P. 11(b)(1)(N)[1] that specifically

---

[1] Fed. R. Crim. P. 11 provides in pertinent part:

    (b) Considering and Accepting a Guilty or Nolo Contendere Plea.

    (1) Advising and Questioning the Defendant. Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:

    (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

referenced the waiver of his right to appeal. *Id*. at 797. The Ninth Circuit, therefore, reversed and remanded the matter to the district court.

Here, however, the Court engaged in an extended colloquy with Flowers as required by Fed. R. Crim. P. 11(b)(1)(N) regarding the waiver of his right to appeal and his right to attack his conviction collaterally. The Court discussed the dangers in waiving these rights, and Flowers stated he understood the dangers and the rights he was waiving and that he voluntarily entered into the plea bargain. The Court, therefore, satisfied the requirements of Fed. R. Crim. P. 11(b)(1)(N).

Accordingly, the Court holds Flowers knowingly and voluntarily waived his right to attack his sentence collaterally in his Plea Agreement. The Court, therefore, denies Flowers's Motion.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant Flowers's Motion to Vacate, Set Aside or Correct Sentence (#102).

IT IS SO ORDERED.

DATED this 31st day of May, 2005.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge